IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ROGER PERALES,<br><br>    Defendant. | No. CR06-4005-DEO<br><br>**DETENTION ORDER** |

_____

This matter came on for detention hearing on January 30, 2006. Assistant U.S. Attorney John Lammers appeared on behalf of the plaintiff (the "Government"). The defendant Roger Perales was present in person with his attorney, Doug Roehrich. The Government offered the testimony of Task Force Office Dane Wagner.

The court must determine whether any condition or combination of conditions will reasonably assure Perales's appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Fortna*, 769 F.2d 243 (5th Cir. 1985), *cert. denied*, 479 U.S. 950, 107 S. Ct. 436 (mem.), 93 L. Ed. 2d 385 (1986); *United States v. Garcia*, 801 F. Supp. 258, 260 (S.D. Iowa 1992).

The court is to presume that no condition or combination of conditions will reasonably assure the appearance of Perales as required and the safety of the community if the court finds there is probable cause to believe Perales committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 *et seq*. This presumption is subject to rebuttal by Perales. 18 U.S.C. § 3142(e); *see* 18 U.S.C. § 3142(f)(1)(C). The probable cause

element of section 3142(e) which triggers the rebuttable presumption of risk of flight and danger to the community may be established through evidence presented at the detention hearing of an offense which is subject to the rebuttable presumption. *See United States v. Apker*, 964 F.2d 742, 744 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069 (8th Cir. 1988). A grand jury's indictment provides the probable cause required under 18 U.S.C. § 3142(e) to trigger the rebuttable presumption of risk of flight and danger to the community. *See United States v. Garcia*, 801 F. Supp. 258 (S.D. Iowa 1992) (citations omitted).

In the present case, the evidence indicates Perales has a significant criminal history of assaultive behavior, including several arrests and convictions. In addition, the Government's case against Perales appears to be quite strong. On this record, Perales is a significant supplier of methamphetamine, dealing in multiple-pound quantities. It also appears he has dealt frequently in multiple-pound quantities of marijuana.

The only evidence Perales offered to rebut the presumption that he would be a danger to the community if released is the fact that he has been free on bond from State court charges for the past several months, without incident. The court finds this insufficient to rebut the presumption. The presumption arises from the charge itself – a serious drug charge involving the distribution of a significant quantity of methamphetamine. *See United States v. Cox*, 635 F. Supp. 1047, 1055 (D. Kan. 1986) (citing *United States v. Fortna*, 769 F.2d 243, 247 (5th Cir. 1985); *United States v. Williams*, 753 F.2d 329, 335 (4th Cir. 1985); *United States v. Daniels*, 622 F. Supp. 178, 179 (N.D. Ill. 1985); *United States v. Jones*, 614 F. Supp. 96, 97-98 (E.D. Pa. 1985)).

Viewing the record as a whole, the court finds nothing to indicate Perales would refrain from engaging in criminal activities if he were released. Accordingly, the court finds the Government has proved by clear and convincing evidence that Perales would be a danger to the community if released. The Government does not argue Perales is a flight

risk, and offered no evidence on that issue. The court finds Perales's continued presence in the area while on bond from the State court charges rebuts the presumption that he is a flight risk.

Premises considered, the court finds the following:

1. Perales is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford Perales reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Perales to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

    (a) Attach a copy of the release/detention order to the appeal;

    (b) Promptly secure a transcript.

5. There is *no automatic stay* of this Order. Therefore, Perales must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 30th day of January, 2006.

*/s/ Paul A. Zoss*

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT